IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYNTHIA B., §<br>    PLAINTIFF, §<br>§<br>V. §<br>§<br>COMMISSIONER, SOCIAL SECURITY §<br>ADMINISTRATION, §<br>    DEFENDANT. § | CASE NO. 3:22-CV-1072-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. For the reasons stated here, Plaintiff's *Complaint for Review of Social Security* Decision, Doc. 1, should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**I. BACKGROUND**

In May 2022, Plaintiff filed this counseled appeal of Defendant's denial of her application for benefits under Title II of the Social Security Act. Doc. 1, *passim*. Plaintiff was then responsible for serving Defendant with summons and a copy of the complaint within 90 days of filing suit. *See* Fed. R. Civ. P. 4(c), (m).

In January 2024, after Plaintiff failed to do so, the Court reminded Plaintiff of her obligation and ordered her to serve Defendant or show cause for her failure to do so by February 16, 2024. Doc. 6. The Court also warned Plaintiff that her failure to do so would result in dismissal of this case for want of prosecution. Doc. 6. Still, Plaintiff failed to comply.

## II. APPLICABLE LAW

Courts may dismiss a civil action *sua sponte* for failure to prosecute or failure to comply with the federal rules or any court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). However, where, as here, the statute of limitations has run on the party's claim, dismissal without prejudice operates as dismissal with prejudice. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

Even so, a Rule 41(b) dismissal with prejudice is appropriate upon a clear record of delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citation omitted). Generally, the Court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct, to warrant dismissal with prejudice. *Id.*

## III. ANALYSIS

Because the 65-day period that Plaintiff had to file her administrative appeal has expired, any applicable limitations period has passed. *See* 42 U.S.C. § 405(g) (providing for judicial review of the Commissioner's final decision if the action is commenced within 60 days of receipt of the Appeals Council's letter); 20 C.F.R. § 422.210(c) (deeming the date of receipt of notice of denial of request for review to be five days after the date of such notice unless there is a

2

reasonable showing to the contrary).  Thus, a dismissal without prejudice will effectively be a dismissal with prejudice in this instance since Plaintiff will be unable to timely re-assert her claim.  See *Burden*, 644 F.2d at 505.  That notwithstanding, dismissal under Rule 41(b) is warranted given Plaintiff's clear record of delay and contumacious conduct.

As outlined *supra*, Plaintiff, who is represented by counsel, neither served Defendant under Rule 4 within 90 days of filing suit nor served Defendant (or showed cause for her failure to do so) within the extended period, which was *sua sponte* authorized by the Court.  This case has been stagnant for almost two years.  While it is unclear whether Plaintiff or her attorney bears the blame for this delay, the Court's order warning Plaintiff about the possibility of dismissal was, in fact, sent to her counsel at the email address her counsel provided.  Likewise, the actual prejudice caused to Defendant by further delay outweighs Plaintiff's interest in a decision on the merits.  Lastly, Plaintiff's unexcused noncompliance with both Rule 4 and the Court's order, Doc. 6, constitutes "intentional misconduct."  At bottom, no lesser sanction would encourage Plaintiff to diligently prosecute her case in light of the Court's previous warning.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Complaint for Review of Social Security Decision*, Doc. 1, should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution, and this case should be **CLOSED**.  See *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (upholding the dismissal of a counseled social security appeal based on failure to timely serve the local

United States Attorney even though expiration of the statute of limitations precluded refiling of case).

**SO RECOMMENDED** on February 26, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).